**SO ORDERED.**

**SIGNED this 1st day of October, 2013.**



_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:  
Vickie Paulette Hoffman,

Case No. 13-40426  
Chapter 7

Debtor.

### Nunc Pro Tunc
### Memorandum Opinion and Order Granting Creditor Vanderbilt Mortgage's Motion for Stay Relief and DenyingTrustee's Motion to Extend Stay[1]

The issue presented is whether a manufactured home financier must always file a notice of security interest ("NOSI") to perfect its security interest in a newly financed home, or whether the issuance of a Certificate of Title that correctly notes the creditor's lien on that title, without more, perfects the creditor's security interest.

---

[1] This opinion was issued yesterday with an incorrect pleading title. This corrected title is the only change in the opinion.

This matter is presented in an unusual procedural posture. Creditor Vanderbilt Mortgage and Finance ("Vanderbilt") moved for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), so it could foreclose on a 2009 Clayton manufactured home ("home") owned by the Debtor.[2] The Trustee, Darcy D. Williamson, opposed that motion, claiming Vanderbilt's security interest was not perfected. She then filed her own motion to extend the automatic stay on the home until the close of the case pursuant to 11 U.S.C. § 362(h)(2)—lest her opportunity to challenge Vanderbilt's perfection be lost 30 after the conclusion of the § 341 meeting of creditors. She argues that because Vanderbilt failed to properly perfect its interest in the home, and its lien can thus be avoided, the property has consequential value to the estate.[3] Because I find that Vanderbilt has a perfected security interest, I deny the Trustee's motion to extend the stay and grant Vanderbilt's motion for stay relief.

## I. Findings of Fact

The parties have stipulated to the facts necessary to resolve the legal issue.[4] On May 29, 2009, Debtor purchased a new manufactured home from

---

[2] Doc. 8.

[3] Doc. 12.

[4] Doc. 23. The Stipulation notes that it is "a complete stipulation of fact necessary for the briefing of the legal matter before this court." Accordingly, although Vanderbilt titles its brief a Motion for Summary Judgment and Memorandum in Support, that pleading does not follow the strictures of Fed. Rule Civ. P. 59 or D. Kan. LBR 7056 (and

-2-

Clayton Homes Topeka. She executed a Retail Installment Contract-Security Agreement ("Note") in the principal sum of $37,335.78. That document granted a security interest in the home to Clayton Homes Topeka. On the same day, Clayton assigned the Note to Vanderbilt.

Vanderbilt never filed a NOSI with the Kansas Department of Revenue, but on June 11, 2009, within the thirty days contemplated by the Kansas certificate of title statute governing manufactured homes, Debtor applied for a title and certified on the Title and Registration form that Vanderbilt was the first and only lien holder. On July 15, 2009, the Kansas Department of Revenue issued an electronic title for the Clayton home, showing Vanderbilt with the only lien.

Several years later, Debtor filed a Voluntary Chapter 7 Petition. Debtor indicated in her Statement of Intention that she intends to surrender the home. Debtor is in default on the Note, and, if the lien is valid, there is no equity in the property for the benefit of the estate.

## II. Conclusions of Law

As the parties have stipulated,[5] this matter constitutes a core

---

need not, because the parties have stipulated there are no disputed genuine issues of material fact). Thus, the Court does not construe that pleading as a summary judgment motion but, instead, as a post-trial brief after conclusion of evidence presentation.

[5] Doc. 23 ¶ 2.

proceeding over which the Court has the jurisdiction and authority to enter a final order.[6]

Vanderbilt claims it is a perfected secured creditor and is entitled to immediate relief from the automatic stay under 11 U.S.C. § 362(d), because Debtor is in default, intends to surrender the property, and there is no equity in the home for the estate. The Trustee argues in response that Vanderbilt's interest is not perfected, because although its lien was noted on the certificate of title, it never filed a NOSI. As a result, the Trustee seeks to use her strong-arm power to avoid the lien.[7] The issue before the Court, then, is whether Vanderbilt's security interest in the home was properly perfected under Kansas law when Debtor filed bankruptcy, notwithstanding the lack of a NOSI. State law governs whether a property interest has been perfected.[8]

Under 11 U.S.C. § 362(g), the party requesting relief from the automatic stay under § 362(d) has the burden of proof on the issue of the

---

[6] *See* 28 U.S.C. § 157(b)(2)(G) (stating that "motions to terminate, annul, or modify the automatic stay" are core proceedings); § 157(b)(1) (granting authority to bankruptcy judges to hear core proceedings).

[7] *Morris v. Hicks* (*In re Hicks*), 491 F.3d 1136, 1140 (10th Cir. 2007) (internal citations omitted) (noting "[t]he so-called 'strong arm' powers of 11 U.S.C. § 544(a)(1) grant the trustee the status of a hypothetical lien creditor once the bankruptcy petition has been filed. . . . Kansas law subordinates an unperfected security interest to the rights of a person who became a lien creditor prior to perfection. Thus, if [the lienholder's] security interest was unperfected under state law at the time the debtors filed for bankruptcy, the trustee may exercise [] power to avoid [the] lien").

[8] *Johnson v. Smith (In re Johnson)*, 501 F.3d 1163, 1175 (10th Cir. 2007).

debtor's equity in property, and the party opposing such relief has the burden of proof on all other issues. "First, however, the moving party has the burden of production and must establish a prima facie case for the sought relief."[9]

The parties agree that K.S.A. § 58-4204(a) categorizes manufactured homes as personal property subject to the certificate of title statute.[10] Under Kansas law, a party claiming a security interest in property subject to a certificate of title statute[11] perfects its interest by complying with the certificate of title statute;[12] filing a financing statement is expressly

---

[9] *First Nat'l Bank of Barnesville v. Alba (In re Alba)*, 429 B.R. 353, 356 (Bankr. N.D. Ga. 2008) (collecting cases) (internal citations omitted).

[10] *See* K.S.A. § 58-4204 (the Kansas certificate of title statute applicable to manufactured homes).

[11] Kansas law addressing perfection of security interests in property subject to certificate of title statutes, K.S.A. § 84-9-311, addressees perfection for both vehicles and mobile homes. K.S.A. § 58-4204, the certificate of title statute for mobile homes, is closely analogous to K.S.A. § 8-135(c), the certificate of title statute for vehicles. As explained in *In re Trible*,
> the legislative history of the relevant statutes demonstrates that . . . the statutory authority or source for titling and perfecting a security interest in a mobile home has been moved from Chapter 8, dealing with vehicles, to Chapter 58, dealing with manufactured housing. The method of perfection, however, remains the same.

*Morris v. Trible* (*In re Trible*), 290 B.R. 838, 843 (Bankr. D. Kan. 2003). Because the statues are so analogous in both structure and function, and because the case law on perfection of security interests in vehicles in Kansas is more extensive than that addressing perfection of a security interest in mobile homes, I rely in this opinion on the case law addressing perfection for vehicles in Kansas.

[12] K.S.A. § 84-9-311(b) (stating that if the pertinent goods are "covered by a certificate of title, a security interest in property subject to a statute . . . described in [K.S.A. § 84-9-311(a)] may be perfected only by compliance with those requirements . . . .").

-5-

ineffective to perfect a security interest in such collateral.[13]

K.S.A. § 84-9-311 provides two methods to perfect a security interest in property subject to certificate of title statutes: notation of the security interest on certificate of title or filing a NOSI with the Kansas Department of Revenue.[14] K.S.A. § 84-9-311(b) provides the authority for perfection of a security interest by notation on the certificate of title:

> Compliance with the requirements of a statute, regulation, or treaty described in subsection (a) for obtaining priority over the rights of a lien creditor is equivalent to the filing of a financing statement under this article. . . . [A] security interest in property subject to a statute, regulation, or treaty described in subsection (a) may be perfected only by compliance with those requirements, and a security interest so perfected remains perfected notwithstanding a change in the use or transfer of possession of the collateral.

Subsection a of K.S.A. § 84-9-311 describes any certificate of title law of this state "covering automobiles, trailers, mobile homes, boats or the like, which provides for a security interest to be indicated on a certificate of title."[15]

---

[13] K.S.A. § 84-9-311(a)(2); *Morris v. Home Pride Fin. Corp. (In re Villa)*, Case No. 05-13309, 2007 WL 397373, at *3 (Bankr. D. Kan. Jan. 31, 2007).

[14] *In re Hicks*, 491 F.3d at 1140 (discussing both perfection by notation on certificate of title and perfection by filing a NOSI). *See Beneficial Fin. Co. of Kan. v. Schroeder*, 12 Kan. App. 2d 150, 151 (Kan. Ct. App. 1987) (noting that "[p]ursuant to K.S.A. 1986 Supp. 84-9-302(3), a security interest in a vehicle may be perfected by noting its existence on the vehicle's certificate of title, or by mailing or delivering notice of the security interest to the Division of Motor Vehicles"). K.S.A. § 84-9-302 is the predecessor to K.S.A. § 84-9-311, and the method of perfecting a mobile home has not changed significantly since the *Schroeder* decision. *See In re Trible,* 290 B.R. at 843.

[15] K.S.A. § 84-9-311(a)(2).

Thus, under K.S.A. § 84-9-311(b), for a mobile home— like the home at issue here—compliance with the requirements of the mobile home certificate of title statute, K.S.A. § 58-4204, perfects a creditor's interest.

In relevant part, K.S.A. § 58-4204(c) and (d) explain how the process works:

> (c) Upon the transfer or sale of any manufactured home or mobile home by any person or dealer, the new owner thereof, within 30 days . . . from the date of such transfer or sale, shall make application to the division for the issuance of a certificate of title evidencing the new owner's ownership of such manufactured home or mobile home. An application for certificate of title shall . . . state all liens or encumbrances thereon and such other information as the director may require. . . . The county treasurer shall use reasonable diligence in ascertaining whether the facts stated in such application are true, and if satisfied that the applicant is the lawful owner of the manufactured home or mobile home, or otherwise entitled to have the certificate of title therefor issued in such applicant's name, shall so notify the division, who shall issue an appropriate certificate of title.
> (d). . . The certificate of title shall contain a statement of any liens or encumbrances which the application discloses.[16]

When K.S.A. § 84-9-311(b) and K.S.A. § 58-4204(c)–(d) are read together, the result is that a security interest is perfected when a new owner of a mobile home applies for a certificate of title, properly discloses any lien on the home

---

[16] K.S.A. § 58-4204(c)–(d).

-7-

Case 13-40426    Doc# 33    Filed 10/01/13    Page 7 of 11

title, and the certificate is issued that correctly states the lien.[17]

But what happens if a buyer either fails to timely apply for the certificate of title or files bankruptcy before the lender's lien can be noted on the title? Under the facts of this case, for example, the lien was not noted on any title for 47 days. The statutory scheme deals with this issue by, under K.S.A. § 84-9-311(a)(2), allowing a lender to protect itself by filing a NOSI with the Kansas Department of Revenue. That statute provides:

> a security interest in property subject to . . . any law of this state covering automobiles, trailers, mobile homes, boats or the like, which provides for a security interest to be indicated on a certificate of title. . . shall be deemed perfected upon the mailing or delivery of the notice of security interest and tender of the required fee to the appropriate state agency as prescribed by subsection (c)(5) of K.S.A. 8-135 and subsection (g) of 58-4204, and amendments thereto, or the delivery of the documents appropriate under any such law to the appropriate state agency and tender of the required fee to the state agency, as prescribed in subsection (c)(6) of K.S.A. 8-135 and subsection (I) of 58-4204, and amendments thereto.

As a result, when K.S.A. § 84-9-311(a)(2) is read with K.S.A. § 58-4204(g), the a lender who elected to file a NOSI is protected if its buyer fails to timely apply for a title, or if the debtor enters bankruptcy during any "gap" period between the time the buyer applies for the certificate of title and when the

---

[17] *In re Hicks*, 491 F.3d at 1140.

Case 13-40426    Doc# 33    Filed 10/01/13    Page 8 of 11

title with the lien noted is actually issued—a time when the security interest could otherwise be vulnerable.[18] And while filing such a NOSI seems like a good practice by a lender, it is not required for perfection. Even the pertinent statute dealing with filing of such NOSIs indicates such filings are discretionary by stating "the dealer or secured party *may* complete" a NOSI.[19]

Luckily for Vanderbilt, its decision not to file a NOSI did not harm its position, because Debtor did not file bankruptcy until well after the lien had been duly noted on the certificate of title. Accordingly, the Trustee's reliance on K.S.A. § 58-4204(g) is misplaced. While Vanderbilt could have filed a NOSI, its failure to do so did not eliminate the alternative method of perfection used here—notation of its lien on the title.

Further, the other three subsections referenced in K.S.A. § 84-9-311(a)(2), upon which the Trustee relies, are simply inapplicable to our stipulated facts. K.S.A. §§ 8-135(c)(5) and (6) are not applicable because they deal with vehicle registration requirements, which are not applicable to

---

[18] *See* K.S.A. § 84-9-311, cmt. 5 (noting that this gap might otherwise "result in turning some objectionable transactions into avoidable preferences under Bankruptcy Code Section 547"); *Mid Amer. Credit Union v. Bd. of County Comm'rs*, 15 Kan. App. 2d 216, 223 (Kan. Ct. App. 1991) (stating that the Kansas legislature created the NOSI procedure "to cover the period between the sale and the purchaser's obtaining a certificate of title"); *Lentz v. Bank of Independence* (*Matter of Kerr*), 598 F.2d 1206, 1208 (10th Cir. 1975) (same).

[19] K.S.A. § 58-4204(g).

manufactured housing in Kansas.[20] And subsection (I) of K.S.A. § 58-4204 is not applicable here because it deals with the acquisition of a security agreement on a manufactured or mobile home "subsequent to the issuance of the original title" on such home. There is no evidence in this stipulated record that the title issued to this debtor was anything other than an original title. As a result, while the parties here elected to focus their arguments on the language in K.S.A. § 84-9-311(a)(2), that subsection is not the exclusive place to look for the answer under our facts.

The parties agree that Debtor applied for a certificate of title, that the application properly disclosed Vanderbilt's lien on the home, that the new title correctly stated the lien, and that this all occurred over two years before Debtor filed her bankruptcy petition. Under K.S.A. § 84-9-311(b) and K.S.A. § 58-4204(c)–(d), these steps properly perfected Vanderbilt's security interest as of the date the title was issued,[21] on July 15, 2009.[22] Because Vanderbilt's security interest in the home was perfected several years before the debtor

---

[20] K.S.A. § 58-4203(a).

[21] *Redmond v. MHC Fin. Serv.* (*In re Barker)*, 358 B.R. 399, 411–12 (Bankr. D. Kan. 2007) (holding that "Kansas law provides that perfection of a purchase money lien in a motor vehicle, absent the filing of an NOSI, occurs when the electronic title and notation of the lender's lien thereon issues"); *Morris v. Intrust Bank* (*In re Anderson)*, 351 B.R. 752, 756–58 (Bankr. D. Kan. 2006) (same).

[22] Doc. 23 ¶ 8.

-10-

Case 13-40426   Doc# 33   Filed 10/01/13   Page 10 of 11

filed her bankruptcy petition, Vanderbilt's decision not to also file a NOSI is simply irrelevant.[23]

Because the issuance of the title with the lien notation properly perfected Vanderbilt's security interest, the Court grants Vanderbilt's motion for relief from the automatic stay[24] and denies Trustee's motion to extend the stay.[25]

**It is so ordered.**

# # #

---

[23] *See, e.g., In re Hicks*, 491 F.3d at 1140; *In re Barker*, 358 B.R. at 407 (collecting cases); *Mid Am. Credit Union*, 15 Kan. App.2d at 223 (stating NOSI procedure created "to cover the period between the sale and the purchaser's obtaining a certificate of title"). The Court notes that *In re Villa*, upon which the Trustee heavily relies, is inapplicable. In that case, "[a] certificate of title ha[d] never been issued listing Debtor as the owner of the mobile home," and thus no title listing the lien was ever issued. As a result, that case has no bearing when perfection is effectuated through notation of a lien on a certificate of title. 2007 WL 397373, at *1.

[24] Doc. 8.

[25] Doc. 12.